UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JACK MARTELL ESTES, II, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>KEVIN MULROONY, et al., )<br>)<br>Defendants. ) | No. 1:10-cv-356-SEB-JMS |

**Entry and Order Directing Dismissal of Action**

Plaintiff Jack Martell Estes, II, an inmate at the Plainfield Correctional Facility, alleges that his federally secured rights have been violated by certain conditions imposed on him at that Indiana prison. He seeks injunctive relief and punitive damages from the Commissioner of the Indiana Department of Correction, from the Superintendent of the Plainfield Facility and from the executive Assistant at the Plainfield Facility. Only this latter official, Kevin Mulroony, is alleged to have been personally involved in any of the events described in the complaint.

**I.**

**A.**

Estes is a "prisoner" as defined by 28 U.S.C. § 1915(h). "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

**B.**

Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). That is the situation here, shown by consideration of the following factors:

!   Estes' claims are asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over these claims through 28 U.S.C. § 1331.[1]

!   "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

!   Estes' first claim is that an order (issued by defendant Mulroony) barring him from the prison law library for misconduct is unlawful because that was not among the sanctions imposed for Estes' misuse of computers. Estes suggests that prison authorities are not free to impose such restrictions separately and as an administrative matter–which is a fanciful position, given the realities of prison life– and that the restriction violates the constitutional prohibition against double jeopardy. This latter suggestion is as meritless as the first, however, because "[p]rison disciplinary proceedings are not part of a criminal prosecution," *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and because double jeopardy is limited to criminal prosecutions and to some non-criminal procedures where the penalties imposed serve a punitive rather than remedial function. *United States v. Halper,* 490 U.S. 435, 448-49 (1989). In other words, the disciplinary proceeding involving Estes' misconduct did not create a basis for a double jeopardy argument with respect to subsequent measures. *See Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases).

!   Estes next claims that keeping him out of the prison law library has violated his right of access to the courts. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350-51 (1996). But because that right is to access the courts rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced

---

[1] The Seventh Circuit has explained that 28 U.S.C. § 1331 creates federal-question jurisdiction, and that 28 U.S.C. § 1343(a)(3) has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement. *Myles v. United States,* 416 F.3d 551, 554 (7th Cir. 2005) (citing *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600 (1979)).

a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). The prisoner, therefore, must spell out in his complaint the connection between the alleged denial of access to the courts and the actual, nonfrivolous injury. *Christopher v. Harbury,* 536 U.S. 403, 414 (2002); *Ortiz,* 561 F.3d at 671. No such prejudice is identified or alleged by Estes. "Although the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact." *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

!   Estes' final claim is that Mulroony has acted improperly not addressing grievances submitted to him in a particular fashion. Not so. Circuit law "specifically denounc[es] a . . . substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008).

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). That is the common deficiency with respect to each of Estes' claims, and it is this which renders his complaint insufficient to state a claim which is "'plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)).

**II.**

For the reasons explained in Part I.B. of this Entry, Estes' complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment dismissing the action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 05/27/2010

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana